**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

```
TYQUAN STEWART,                  )
                                 )
     Plaintiff,                  )
                                 )
        v.                       )    NO. 1:16-CV-386
                                 )
A. UNKNOWN and UNITED            )
FARM FAMILY MUTUAL               )
INSURANCE COMPANY,               )
                                 )
     Defendants.                 )
```

## OPINION AND ORDER

This matter is before the Court on the Complaint (DE #1) and the Motion to Proceed In Forma Pauperis (DE #2), both filed by Plaintiff, Tyquan Stewart, on November 14, 2016. For the reasons set forth below, the Court **DISMISSES** the complaint (DE #1) **WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Additionally, the Motion to Proceed in Forma Pauperis (DE #2) is **DENIED AS MOOT**.

BACKGROUND

Plaintiff, Tyquan Stewart ("Stewart") initiated this case by filing a complaint (DE #1) and petition to proceed *in forma pauperis* ("IFP") (DE #2) on November 14, 2016. In his complaint, Stewart lists two defendants, A. Unknown and United Farm Family

Mutual Insurance Company ("United Farm"). Stewart alleges that, in December of 2015, he drove his grandfather's car into a building while trying to commit suicide. The following April, an unknown employee at United Farm allegedly told his grandfather that, because three accidents had occurred in a three year period,[1] Stewart "was to be added to a policy saying [he] could not drive any vehicle and if [he] did it wouldn't be insured." (DE #1 at 2.) In June of 2016, Stewart and a woman named Quaniva Bell were involved in an accident in his grandfather's car. United Farm allegedly refused to provide insurance coverage via his grandfather's policy following the accident for Stewart, Quaniva Bell, or the vehicle. Stewart alleges that the refusal was related to his mental illness and that United Farm discriminated against him because of it.

ANALYSIS

The IFP statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the lawsuit. See 28 U.S.C. § 1915(a)(1); see also *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient

---

[1] It is unclear whether Stewart or his grandfather was driving the car during those accidents.

merit; and (2) whether the plaintiff's poverty level justifies IFP status.  See *Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988).  The screening court must dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

To determine whether the suit states a claim upon which relief can be granted under 28 U.S.C. section 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).  In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff.  *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).  To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'"  *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).  "This means that the complaint must contain allegations

plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632-33 (7th Cir. 2013) (internal quotation marks and citation omitted).

However, before engaging in an analysis of the sufficiency of the claims, the Court must first determine if it has subject matter jurisdiction over the case. Federal courts are courts of limited jurisdiction. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). In order to avoid dismissal for lack of subject matter jurisdiction, a plaintiff must demonstrate that either diversity jurisdiction or federal question jurisdiction exists. *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). Federal question jurisdiction, pursuant to 28 U.S.C. section 1331, requires that the action arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Ordinarily, the basis for federal-question jurisdiction must be apparent from the face of the plaintiff's well-pleaded complaint." *Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 800 (7th Cir. 2013); *see also Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Association,* 707 F.3d 883 (7th Cir. 2013). Diversity jurisdiction, pursuant to 28 U.S.C. section 1332, requires complete diversity of citizenship between the plaintiffs and the defendants and the proper amount in controversy (more than $75,000). *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). In either event, plaintiff must have standing to bring or maintain a suit. See

*Scherr v. Marriott Intern., Inc.*, 703 F.3d 1069, 1073-74 (7th Cir. 2013). To establish standing, a plaintiff must show: "(1) injury in fact, which must be concrete and particularized, and actual and imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) redressability." *Id*. at 1074 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560.

Here, as to federal question jurisdiction, while Stewart does not identify any federal statute in his complaint, it is possible that he is attempting to bring his claims pursuant to the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12101 *et seq*. Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation. 42 U.S.C. § 12182(a).[2] "The core meaning of this provision, plainly enough, is that the owner or operator of a store, hotel, restaurant, dentist's office, travel agency, theater, Web site, or other facility (whether in physical space or in electronic space . . .) that is open to the public cannot exclude disabled persons from entering the facility and, once in, from using the facility in the same way that the nondisabled do." *Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 559 (7th Cir. 1999). The Seventh Circuit has made it clear that an insurance company cannot refuse to sell an insurance policy to a person because of his or her disability without pleading a special

---

[2] The Court notes that only injunctive relief (and not monetary damages) is available under Title III. *Scherr*, 703 F.3d at 1075.

defense.[3] *Id*. However, the contents of policies are not regulated by the ADA. *Id*. at 560. A seller is not required to "alter his product to make it equally valuable to the disabled and to the nondisabled, even if the product is insurance." *Id*. at 563.

Stewart has failed to establish that he has standing to bring his claims under Title III of the ADA. He has not alleged that he attempted to purchase but was denied an insurance policy by United Farm, nor has he alleged that United Farm refuses to sell insurance policies to persons with mental disabilities in general. In fact, Stewart has not alleged that he ever intended to or intends in the future to purchase an insurance policy from United Farm. Rather, Stewart's claims revolve entirely around his grandfather's existing insurance policy and the restrictions that were allegedly placed upon it following the December 2015 accident. However, according to the face of the complaint, Stewart is not a party to the contract at issue, and he cannot bring these types of claims on his grandfather's behalf. As such, Stewart has not identified an injury in fact and lacks the standing to sue the defendants in this case under the ADA. *See Scherr*, 703 F.3d at 1073-74.

It is also possible that Stewart was intending to bring a claim pursuant to 42 U.S.C. section 1981 which provides a

---

[3] "Title III . . . 'shall not be construed to prohibit or restrict an insurer . . . from underwriting risks, classifying risks, or administering such risks that are based on or not inconsistent with State law,' 42 U.S.C. § 12201(c)(1), unless the prohibition or restriction is 'a subterfuge to evade the purpose[] of [the] title. § 12201(c)." *Doe*, 179 F.3d at 561-562.

"broad-based prohibition (and federal remedy) against racial discrimination in the making and enforcing of contracts." *Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 393 (7th Cir. 2007). However, "[a]lthough § 1981 does not itself use the word 'race,' the [Supreme] Court has construed the section to forbid all 'racial' discrimination in the making of private as well as public contracts." *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987). Other forms of discrimination are not covered by section 1981. See e.g. *Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 49-50 (7th Cir. 1984) ("The legislative history of the statute clearly indicates that Congress intended to protect a limited category of rights, specifically defined in terms of racial equality. Thus, section 1981 does not protect against discrimination based on sex or religion or age.") (quotation marks and footnotes omitted). Here, Stewart references only his alleged mental illness in relation to his claims, so they are not viable under section 1981.

As to diversity jurisdiction, Stewart does not identify the citizenship of any party in his complaint. He provides his address as being in Fort Wayne, Indiana and lists the addresses of both defendants as being in Fort Wayne, Indiana. This is insufficient to establish that diversity jurisdiction exists.

Accordingly, the Court lacks subject matter jurisdiction over Stewart's complaint, and it must be dismissed.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** the complaint (DE #1) **WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Additionally, the Motion to Proceed in Forma Pauperis (DE #2) is **DENIED AS MOOT**.


DATED: April 28, 2017                /s/RUDY LOZANO, Judge
                                     United States District Court